**JOSEPH A. ENGERMAN, Plaintiff**

**v.**

**JOAN PENA, Defendant**

Civil No. 91-1972

District Court of the Virgin Islands

Div. of St. Croix

May 9, 1973

NICHOLS & SILVERLIGHT, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

YOUNG, *District Judge*

MEMORANDUM OPINION AND DEFAULT JUDGMENT

This is an action for maliciously inflicted personal injuries. Plaintiff is an unmarried male who, at the time of

the injuries, was living with the defendant, an unmarried female.

The complaint charges that on March 29, 1971, defendant intentionally and maliciously assaulted plaintiff by throwing a pot of boiling water upon him. As a result, plaintiff was severely burned, suffered great pain and incurred expenses for medical treatment. $50,000 is demanded for compensatory damages and $10,000, punitive damages.

The complaint was filed February 10, 1972. Defendant was personally served in St. Croix on September 28, 1972, but never answered or otherwise appeared and was declared to be in default. A hearing on damages was set for April 4, 1973 and defendant was notified of same by mail. However, the letter was returned unclaimed. At the hearing on April 4, plaintiff testified and submitted certain pieces of documentary evidence proving up the damages incurred by him.

At the time of the injuries, plaintiff was 42 years old and in apparent good physical condition. He had been married twice and has three children who depend upon him for support. Plaintiff has a steady work history and was, and still is, employed as a labor union leader in St. Croix. Prior to being burned by the boiling water, he had been living with defendant in a common law marriage relationship for about one and a half years.

Plaintiff and defendant had an altercation wherein he told defendant that he was "fed up" and he ordered her to leave him alone. According to him, she kept fussing and throwing things and when he did not return any argument, she doused him with the boiling water. Plaintiff was taken to the hospital in St. Croix. A notation on his medical chart indicates that 30% of his body surface area had predominantly second and some third degree burns. He was treated with a sulphur solution at first but, because he de-

4

veloped an allergy, he was then treated with a mercuro-chrome solution. The attending physician noted that the wounds responded well to the medication "except for a few areas of less than one square inch in diameter that may need grafts on a future date."

Plaintiff was transferred to the Veteran's Hospital in Puerto Rico where he was admitted on April 2, 1971, and discharged on May 19, 1971. Although the first hospital report indicated 30% of his body's surface had second and third degree burns, the Veteran's hospital report indicated only second degree burns on plaintiff's "right flank, right buttock, thigh and right arm, covering 20% of body's surface." Treatment consisted of debridement of the dead flesh, cleansing of the burns and physical therapy. There apparently was no need for cosmetic surgery or skin graft-ing. Plaintiff's medical specials total $2,745, for which amount plaintiff has assigned his rights against defendant.

██ In assessing compensatory damages, I must con-sider that plaintiff suffered immediate excruciating pain from the boiling water. This intense suffering does subside to some degree within a short time, but there is little doubt that plaintiff continued to suffer and was most uncomfort-able for the next couple of months. Plaintiff has not been left with any visible disfigurement or scars. He suffered no loss of income, since the union paid his regular salary dur-ing his absence from work. Plaintiff has suffered no permanent disability and he is able to pursue his regular employment. Considering all of these factors, compensa-tory damages will consist primarily of an amount which I think reasonable to compensate plaintiff for his pain and suffering, together with an amount equal to the medical specials. I set this sum at $15,000. In addition, I feel that defendant should be required to pay to plaintiff punitive damages in the amount of $5,000.

5

## DEFAULT JUDGMENT

 For the reasons set forth in the foregoing Memorandum Opinion, judgment is hereby awarded to plaintiff in the amount of $20,000, together with attorneys fees and costs in the amount of $2,000, making a total recovery for the plaintiff of $22,000.

All payments that shall be made by defendant toward the satisfaction of this judgment shall be made payable jointly to plaintiff and the United States of America (Veteran's Administration Center, GPO Box 4867, San Juan, Puerto Rico), as their respective interests shall appear.